# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LENWARD W. PULLIAM, JR.,
    Petitioner,

vs.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:18-cv-348

Black, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

    Petitioner, an inmate in state custody at the London Correctional Institution, has filed a

pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is

before the Court on respondent's return of writ (Doc. 8) and petitioner's reply, as supplemented

(Doc. 11, 12).[1] For the reasons stated below, the undersigned recommends that the petition be

denied on the ground that it is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

    On February 1, 2013, the Scioto County, Ohio, grand jury returned a thirteen-count

indictment charging petitioner with one count of tampering with evidence and one count each of

trafficking and possession of cocaine, heroin, oxycodone, oxymorphone, hydrocodone, and

alprazolam. (Doc. 7, Ex. 1). Several counts included a major drug offender specification. After

initially entering a plea of not guilty, petitioner withdrew his former plea and entered into a

negotiated plea agreement. Under the terms of the agreement, petitioner agreed to plead guilty to

trafficking in heroin and trafficking in oxycodone, with a major drug offender specification, in

---

[1] Petitioner's supplemental reply is captioned as an objection to an October 10, 2018 Report and Recommendation. (*See* Doc. 12). Respondent filed the return of writ on October 10, 2018. Accordingly, the undersigned construes the arguments in the supplemental reply to be directed to the return of writ.

exchange for the dismissal of the remaining charges. The parties jointly-recommended a prison sentence of eighteen years in the Ohio Department of Corrections. (Doc. 7, Ex. 27 at PageID 276–77). The trial court accepted petitioner's guilty plea, found him guilty, and imposed the agreed-upon sentence. (*Id.* at PageID 287–88, 290–92).

## Delayed Appeal

On April 7, 2014, petitioner filed a pro se notice of appeal and a motion for leave to file a delayed appeal. (Doc. 7, Ex. 4, 5). The Ohio Court of Appeals granted petitioner's motion and appointed petitioner appellate counsel. (Doc. 7, Ex. 6, 7). Petitioner, through counsel, subsequently raised the following two assignments of error in his merit brief:

1. The trial court erred when it imposed consecutive sentences without making the required findings pursuant to R.C. 2929.14.

2. Trial counsel provided constitutionally ineffective assistance when he failed to argue strong, mitigating factors at sentencing, in violation of Appellant's rights under the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution and Article I §§ 5, 10, 16 of the Ohio Constitution.

(Doc. 7, Ex. 8 at PageID 73). On March 2, 2015, the Ohio appeals court overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 7, Ex. 11).

Petitioner did not appeal the decision to the Ohio Supreme Court.

## Motion for Resentencing

On April 13, 2016, petitioner filed a pro se motion for resentencing pursuant to Ohio Crim. R. 52(B). (Doc. 7, Ex. 12). Petitioner argued that the trial court failed to make required factual findings before imposing consecutive sentences or imposing a sentence for the major drug offender specification and failed to determine whether his offenses were allied offenses. The motion was denied by the trial court on May 24, 2016. (Doc. 7, Ex. 15).

Petitioner filed a notice of appeal on June 8, 2016. (Doc. 7, Ex. 16). Petitioner raised the following three assignments of error in his merit brief:

1. The trial court erred by failing to make statutory findings as to the consecutive sentences, pursuant to R.C. 2929.14(C)(4) when imposing consecutive sentences.

2. The trial court erred by failing to grant defendant's Motion for Re sentencing pursuant to Crim. R. 52(B) Sentence Contrary to Law and by failing to hold a merger hearing as to counts {3} three and counts {5} Five of the indictment.

3. The trial court erred by not making findings as to the Major Drug Offenders Sentence, pursuant to R.C. 2929.19 at Sentencing.

(Doc. 7, Ex. 17 at PageID 189–194). The Ohio Court of Appeals affirmed the judgment of the trial court on January 13, 2017. (Doc. 7, Ex. 19). Specifically, the appeals court determined that petitioner's assignments of error were barred by the doctrine of *res judicata*.

On February 16, 2017 petitioner filed a notice of appeal in the Ohio Supreme Court. (Doc. 7, Ex. 20). In his memorandum in support of jurisdiction, petitioner raised the following propositions of law:

1. Did the trial court err by failing to make Statutory Findings as to the Consecutive Sentences pursuant to R.C. 2929.14(C)(4) by imposing consecutive sentences.

2. Did the trial court err in failing to grant defendant's Motion for Re Sentencing Pursuant to Crim. R. 52(B) Deeming his sentence contrary to Law pursuant to Crim. R. 52(B), by failing to hold a Merger Hearing as to count {three} and {Five} of the Indictment.

3. Did the trial court err by failing to make findings as to the Major Drug offenders sentence, pursuant to R.C. 2929.19 at sentencing.

(Doc. 7, Ex. 21). On July 21, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 7, Ex. 22).

3

**Federal Habeas Corpus**

On May 7, 2018, petitioner commenced the instant federal habeas corpus action.[2] (*See*

Doc. 1 at PageID 9). Petitioner raises the following three grounds for relief in the petition:

> **GROUND ONE**: The decision of the Ohio Court of Appeals was a unreasonable Application of clearly Federal Law against Double Jeopardy when a conviction is obtained by a violation of the protection against double jeopardy.
>
> **GROUND TWO**: Petitioner asserts the Ohio Court of Appeals decision reached was an unreasonable application of Clearly Federal Law by failing to Make the Statutory Findings in regards to consecutive sentences pursuant to Ohio legislative intent.
>
> **GROUND THREE**: The Ohio Court of Appeals failed to make the required Findings as to the Major Drug offenders sentence pursuant to R.C. 2929.19 at the Sentencing hearing of Petitioner in violation of the Ohio Constitution.

(Doc. 1 at PageID 12–14).

Respondent has filed a return of writ in opposition to the petition (Doc. 8), to which

petitioner has replied. (Doc. 11, 12). According to respondent, petitioner's grounds for relief are

time-barred, non-cognizable, and procedurally defaulted.

## II. THE PETITION SHOULD BE DENIED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody

pursuant to the judgment of a state court must file an application for a writ of habeas corpus

within one year from the latest of:

---

[2] The petition was filed with the Court on May 21, 2018. (*See* Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on May 7, 2018. (*See* Doc. 1 at PageID 9). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on May 7, 2018.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during sentencing. Because petitioner was aware of the facts underlying his claims or the claims could have been discovered through the exercise of due diligence by the close of the direct review, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Petitioner contends that he is entitled to a later start date under 28 U.S.C. § 2244(d)(1)(D) "based on the law and the changes that ha[ve] occurred in Allied offenses since his conviction." (Doc. 12 at PageID 352). However, § 2244(d)(1)(D) concerns the discovery of new facts, not

changes in substantive law. "Changes in substantive law, like the enactment of a statute, generally are not facts supporting a claim." *Goble v. Taylor*, No. 14-58-ART-REW, 2015 WL 770389, at *3 (E.D. Ky. Feb. 19, 2015). *See also Lo v. Endicott,* 506 F.3d 572, 576 (7th Cir. 2007) (finding that "a state court decision modifying substantive law" does not constitute a factual predicate under § 2244(d)(1)(D)); *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) ("If a change in (or clarification of) state law, by a state court, in a case in which [the petitioner] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless.").[3] Accordingly, petitioner is not entitled to a later start date under § 2244(d)(1)(D).

In this case, under § 2244(d)(1)(A), petitioner's conviction became final on April 16, 2015, upon the expiration of the 45-day period for filing an appeal as of right from the court of appeals' March 2, 2015 judgment entry. *See* Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(1). *See also Gonzalez v. Thaler,* 565 U.S. 134, 149-52 (2012) (holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired"). The statute commenced running April 17, 2015, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on April 17, 2016, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-

---

[3] A state court decision may qualify as a factual predicate under § 2244(d)(1)(D). However, the state court decision must be a decision in the petitioner's own case. *See Wolfe v. Warden*, No. 3:09-cv-442, 2010 WL 552130, at *4 (S.D. Ohio Feb. 16, 2010) (citing *Johnson v. United States*, 544 U.S. 295 (2005)).

conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

In this case, the limitations period ran 362 days—from April 17, 2015 until April 13, 2016—before petitioner filed his motion for resentencing. (Doc. 7, Ex. 12). The limitations period was tolled until the Ohio Supreme Court declined to accept jurisdiction of his appeal on June 21, 2017. (*See* Doc. 7, Ex. 22). The statute of limitations ran three more days and expired on June 24, 2017.[4] Therefore, the petition, which was "filed" on May 7, 2018, is time-barred absent equitable tolling.

---

[4] Petitioner claims that he filed actions that would serve to toll the limitations period from April 17, 2015 until April 12, 2016 and from June 22, 2017 until May 6, 2018. (Doc. 12 at PageID 353). However, petitioner does not indicate the actions he claims should toll the limitations period, nor does the online docket record indicate any

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace*, 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler*, 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner is not entitled to equitable tolling in this case. Although petitioner argues he diligently pursued his claims, the Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited more than three years—from April 16, 2015 until May 7, 2018—to file his habeas petition after his conviction and sentence became final. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights.

_____

pending motion during this time.

*Vroman*, 346 F.3d at 605 (finding that the petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Petitioner is therefore not entitled to equitable tolling.

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction and sentence became final on April 16, 2015. The limitations period ran for 362 days, from April 17, 2015 until April 13, 2016, when petition filed his motion for resentencing. The statute of limitations began to run again on June 21, 2017 after the Ohio Supreme Court declined jurisdiction over petitioner's appeal and expired three days later on June 24, 2017. Statutory or equitable tolling principles do not apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case. Therefore, petitioner's habeas corpus petition, filed on May 7, 2018, is time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. §

2244(d).

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[5]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: _11/12/19_

Karen L. Litkovitz
United States Magistrate Judge

---

[5] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

LENWARD W. PULLIAM, JR.,          Case No. 1:18-cv-348
    Petitioner,

                           Black, J.
    vs.                       Litkovitz, M.J.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations. This period may be extended further by the Court on

timely motion for an extension. Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).